IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | : | |
| Plaintiff, | : | No. 2:12-CV-05428-ER |
| v. | : | |
| EDWARD HUYNH, | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO SERVE DEFENDANT EDWARD HUYNH**

Plaintiff AF HOLDINGS, LLC, pursuant to Rules 4(m) and 6(b)(1) of the Federal Rules of Civil Procedure, respectfully moves for a 30-day extension of time to serve process on Defendant Edward Huynh.

### I.   FACTUAL BACKGROUND

Plaintiff filed its Complaint against an Edward Huynh for copyright infringement, contributory infringement, civil conspiracy, and negligence on September 24, 2012. (ECF No. 1.) Plaintiff made several attempts to serve Edward Huynh at an address in Pennsylvania. These attempts were unsuccessful. Upon further investigation, Plaintiff's determined that Defendant moved residence to the state of New Jersey. Plaintiff is in the process of serving Defendant at his new residence.

### II.   LEGAL STANDARD

Rule 4(m) requires that a court dismiss the complaint without prejudice if a defendant is not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the

plaintiff shows good cause for the failure to effect timely service, the court must extend the time for service for an appropriate period. *Id.*; *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997). Even in the absence of a showing of good cause, a court "must consider whether to grant a discretionary extension of time." *Id.* (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995) ("Thus, the logical inference that can be drawn from these two clauses [of the Federal Rules of Civil Procedure 4(m)] is that the district court may, in its discretion, extend time even absent a finding of good cause.").

### III.    ARGUMENT

Plaintiff has good cause for an extension of time to serve Defendant. Further, even if Plaintiff did not have good cause, the Court should use its discretion to extend the time for service.

### A.  Plaintiff Has Good Cause for an Extension of Time to Serve Defendant

Plaintiff had a good faith basis that Defendant was residing at an address in Pennsylvania Plaintiff diligently attempted to serve Defendant at that address. When the service attempts were unsuccessful, Plaintiff performed an investigation of Defendant and it was revealed that Defendant resided in New Jersey. Good cause, in the context of Rule 4(m), means "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Shore v. Henderson*, 168 F. Supp. 2d 428, 431 (E.D. Penn. 2001) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)). To determine whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

In this case, Plaintiff has made reasonable efforts to serve the Defendant, but has only recently determined that Defendant has changed residence is now residing in the State of New Jersey. This information was previously unavailable to the Plaintiff and it was only obtained through a skip trace search executed by the Plaintiff. Because Plaintiff was reasonably unaware of Defendant correct residence, Plaintiff had good cause for non-service. *Boley*, 123 F.3d at 758. Plaintiff has not demonstrated any form of neglect because it has acted in good faith to serve the Defendant and this effort to serve him is ongoing. Defendant Edward Huynh's address of his current residence in the State of New Jersey is now available to the Plaintiff, and Plaintiff is now seeks an extension of time to serve the Defendant accordingly.

## B. The Court Should Use Its Discretion to Extend the Time for Service

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. *Shore v. Henderson*, 168 F. Supp. 2d 428, 432-33 (E.D. Penn. 2001). In addition to the foregoing discussion, by refusing to exercise its discretion in Plaintiff's favor, the Court will be foreclosing any prospect of the Plaintiff proceeding in this case to redeem the loss and damage it suffered at the hands of the Defendant. Furthermore, Defendant will not be prejudiced by this delay. The consideration of prejudice in the context of exercising the Court's discretion must involve "impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." *Boley v. Kaymark*, 123 F.3d 756, 759 (3rd Cir. 1997) (quoting *Nat'l Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 294 (S.D.N.Y. 1990)).

Plaintiff does not foresee any substantial prejudice against the Defendant in the requested extension of time to service. Additionally, Plaintiff does not anticipate that service to the Defendant will exhaust the full 30 days of the requested extension as Plaintiff is already in

possession of the Defendant's new address. It is only a matter of time until Plaintiff assigned a private server to serve Edward Huynh and afford him service of process.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the Complaint by an additional 30 days.

Respectfully submitted,

AF Holdings, LLC,

DATED: September 20, 2012

By:   /s/ Daniel G. Ruggiero

Daniel G. Ruggiero, Esq.
P.O. Box 291
Canton, MA 02021
Telephone: (339) 237-0343
Fax: (339) 707-2808
Email: daniel.ruggiero.esq@gmail.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 20, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with the Local Rules.

                                                  /s/ Daniel G. Ruggiero